Judge Tana Lin

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff

        v.

1.  DANIEL IBARRA LOERA,
3.  LEONARDO ROJAS CRUZ, and
7.  SANG SU,

    Defendants.

NO. CR25-091 TL

JOINT MOTION TO CONTINUE TRIAL

Noting Date: March 24, 2026

## I.    INTRODUCTION

The government, along with Defendants Daniel Ibarra Loera and Sang Su, by and through their respective attorneys of record, respectfully move the Court to continue the trial date in this case to October 19, 2026. The parties further move the Court to set a pretrial motion cutoff consistent with the new trial date.

//

//

//

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II.      BACKGROUND

### A. The Investigation [1]

#### 1.      Original Investigation and Wiretaps

This case arises out of a joint investigation by the Seattle Police Department (SPD), the Federal Bureau of Investigation (FBI), and the Drug Enforcement Administration (DEA). These agencies, together with other state and federal law enforcement agencies, have been investigating a Drug Trafficking Organization (DTO) allegedly distributing controlled substances throughout the encampments and high drug areas in the International District of Seattle. This investigation previously led to the indictment of five defendants in the Western District of Washington under case number CR25-002 TL. In addition to the defendants charged in that case, investigators believe the defendants named under this indictment, as well as the defendants named in the related matter under case number CR25-091 TL, and others are part of a Drug Trafficking Organization ("DTO") involving multiple sources of supply and are referred to as the "Jungle DTO." During the investigation, law enforcement officers conducted numerous hours of surveillance, and utilized various other law enforcement techniques. Those techniques included controlled buys and seizures from some of the defendants.

The investigation ultimately led to the use of court-authorized Title III wire intercepts. In total, agents received authorization to intercept ten traditional cell phones used by the individuals in this indictment, with interceptions occurring between September 2024 and March 2025.

The government contends that the wiretaps and other investigative techniques allegedly revealed a conspiracy to distribute fentanyl, methamphetamine, heroin, and cocaine. During the investigation, investigators seized approximately 100 pounds of

---

[1] The background facts are based on the government's allegations herein and are solely provided to give the Court an idea of the issues at stake in this matter. The defense does not, by entering into this stipulation, agree that the government's allegations are necessarily true, and all of the defendants have entered not guilty pleas.

Stipulated Motion to Continue - 2
*United States v. Ibarra Loera et al.* / CR 25-091 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

methamphetamine, 111 kilograms of cocaine, 19 kilograms of fentanyl powder, 250,000 fentanyl pills, and four kilograms of heroin.

### 2.    The Indictments

On May 14, 2025, the grand jury returned two indictments charging a total of 14 defendants with six counts, including Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and Possession of Controlled Substances with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1). Seven defendants are charged under CR25-090 TL, and the other seven defendants are charged under CR25-091 TL.

### 3.    Takedown and Arrests

The "takedown" was conducted on May 29, 2025. Of the 14 defendants indicted on May 14, 2025, eleven were arrested that day. An additional defendant turned himself in shortly thereafter and made his initial appearance in the district. Two of these defendants remain at large. Of the 12 defendants arrested, one was arrested in Oregon and has yet to make his initial appearance in this district.

Eighteen search warrants were executed between locations allegedly associated with the DTO at the same time of the various defendants' arrest on May 29, 2025. The searches resulted in the seizures of drugs, firearms, and U.S. currency. Agents and officers seized approximately seven kilograms of cocaine, 18 kilograms of methamphetamine, 57,000 fentanyl pills, and seventeen firearms.

## III.    DISCOVERY STATUS

The discovery in this case is voluminous, and includes wiretap pleadings, wire and electronic intercepts sessions, surveillance reports and photographs, GPS tracking data for vehicles and phones, as well as multiple terabytes of data from pole cameras that were used throughout the investigation. In total the government has turned over 177,482 bates stamped documents at over 161 gigabytes of data. Additionally, discovery production is ongoing.

Stipulated Motion to Continue - 3
*United States v. Ibarra Loera et al.* / CR 25-091 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### IV.    NEED FOR CONTINUANCE AND AUTHORITY

**A.    The Stipulating Parties Agree that a Continuance is Clearly Necessary.**

Through an email, the parties agreed that a continuance of the current trial date was necessary and discussed what a reasonable trial date might be. Daniel Ibarra Loera and Sang Su both agree that a continuance of the trial date from April 13, 2026, is necessary. Ibarra Loera, Su, and the government all agree that October 19, 2026, is the earliest date this case could realistically be ready for trial given the voluminous discovery, preparation efforts needed by defense counsel, and trial schedules of counsel. With respect to the remaining defendant, Leonardo Rojas Cruz, on March 4, 2026, defendant Leonardo Cruz was appointed a new attorney, following the Court granting his prior counsel's motion to withdraw. Dkts. 180 and 181. Rojas Cruz's new counsel has indicated that they will need additional time to prepare for trial given the volume of discovery in this matter, however he has been unable to confirm his client's position on the continuance and whether or not their clients would file a speedy trial waiver at the time of filing of this motion.

**B.    Legal Authority for Continuance.**

**1.    In a Case of this Size and Complexity, a Continuance is Authorized.**

Pursuant to 18 U.S.C. §§ 3161(h)(7)(B)(i), (ii) and/or (iv), this Court has the discretion to order the continuance of the existing trial date, and to exclude the delay from the speedy trial calculation in these circumstances. The number of defendants, the interlinked indictments, and the sheer volume of discovery make it difficult to foresee this case being ready for trial much sooner than the currently proposed continuance date of October 19, 2026.

Accordingly, based on the foregoing facts, "(i) the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice," because "(ii) " . . . the case is so unusual or complex, due to the number of defendants, the nature of the prosecution or the

Stipulated Motion to Continue - 4
*United States v. Ibarra Loera et al.* / CR 25-091 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." Even if the case was not "complex" within the meaning of subsection (ii), a continuance would nonetheless be appropriate under subsection (iv), because " . . . the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

**2.      In a Multi-Defendant Case, the Court Can Overrule the Few Objections to a Continuance.**

While the position of Rojas Crus is unknown at this time, if the Court determines that this is an objection to the continuance, it can, and should be overruled. If the Court agrees that a continuance until October 19, 2026 is appropriate – which again is the position of the majority of the parties involved in this matter, and of the attorney for Rojas Cruz– any objections to the continuance should be overruled. It is well established that in multi-defendant cases, a reasonable trial continuance as to *any* defendant tolls the Speedy Trial Act as to *all* joined co-defendants, even those who object to a trial continuance or who refused to submit a waiver under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(6)

**C.      A Continuance is in Fact Necessary.**

A continuance of the trial date to October 19, 2026, is in fact necessary and appropriate. Again, this case is complex, the indictment arises out of a years-long investigation into the (alleged) distribution of controlled substances over a lengthy period of time. The conspiracy involved extensive physical and electronic surveillance. The discovery is voluminous, including surveillance photographs, many hours of surveillance

Stipulated Motion to Continue - 5
*United States v. Ibarra Loera et al.* / CR 25-091 TL

and pole camera videos, photographs documenting the searches of over multiple locations, and voluminous law enforcement reports. There is also physical evidence seized during the search warrants executed in this case. As discussed above, Rojas Cruz is in the process of obtaining a new attorney who will need substantial time to analyze and review the discovery in this case.

In this case, the parties agree that a continuance of some length is necessary to permit further trial preparation. The stipulating parties stipulate and agree that the ends of justice served by a continuance outweigh the best interests of the public and the defendant in a more speedy trial. The failure to grant a continuance based upon the Government's and defendants' need to prepare the matter for trial would result in a miscarriage of justice by denying the parties the reasonable time necessary for effective preparation for trial, taking into account the exercise of due diligence.

In addition, while not technically grounds for the continuance, a trial date of October 19, 2026, will also give the parties a chance to attempt to negotiate at least some of the defendants' cases short of trial in an orderly fashion.

//

//

//

Stipulated Motion to Continue - 6
*United States v. Ibarra Loera et al.* / CR 25-091 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## V.   CONCLUSION

For the reasons set forth above, the parties jointly and respectfully move the Court to continue trial in this matter to October 19, 2026, and to set a motions cutoff consistent with the new trial date. Stipulating Defendants will file speedy trial waivers accordingly.

Respectfully submitted this 12th day of March, 2026

Respectfully submitted,

/s/ *Casey S. Conzatti*
Casey S. Conzatti
Brian J. Wynne
Assistant United States Attorneys
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone:  206-553-7970
Fax:  206-553-4073
E-mail:  casey.conzatti@usdoj.gov
I certify that this pleading contains 1,353 words, in compliance with the Local Criminal Rules.

SO STIPULATED this 12th day of March, 2025 (via email authorization).

/s/ *James Curtis*
James Curtis
Attorney for Daniel Ibarra Loera

/s/ *Jeffrey Kradel*
Jeffrey Kradel
Attorney for Sang Su

Stipulated Motion to Continue - 7
*United States v. Ibarra Loera et al.* / CR 25-091 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970